IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ERICK HOWARD,**                                                     **PETITIONER**

v.                                                    **CIVIL ACTION NO.: 3:13cv242-GHD-SAA**

**TIMOTHY OUTLAW and ATTORNEY GENERAL**
**OF THE STATE OF MISSISSIPPI,**                            **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

Petitioner, Erick Howard, Mississippi prisoner # 155401, has filed a pro se federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his State court conviction for armed robbery. Having considered the submission of the parties, the State court record, and the law applicable to Howard's claims, the Court finds that the petition should be denied, for the reasons that follow.

**Background Facts and Procedural History**

On May 13, 2008, Erick Howard was indicted in the Circuit Court of DeSoto County, Mississippi, on charges of armed robbery (Count I), aggravated assault (Count II), and attempted capital murder (Count III), all of which occurred in 2005. (SCR vol. 1, 135-36). On January 19, 2010, Howard entered an *Alford*[1] plea to the charge of armed robbery (Count I). (*Id.* at 137). As part of the agreement, the prosecution agreed to remand the remaining charges to the files. (SCR Supp. vol. 1, ECF no. 11-6, 20). Howard was sentenced to serve a term of sixteen years in the custody of the Mississippi Department of Corrections with five years of post-release supervision.

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970) (allowing that a defendant may plead guilty and maintain innocence while acknowledging that there is sufficient evidence to convict him).

1

(SCR vol. 1, 143).

Howard filed a petition for post-conviction collateral relief in the circuit court on December 16, 2010. The motion was denied on September 7, 2011. (SCR vol. 3, 373-80). Howard appealed the decision to the Mississippi Supreme Court, which assigned the case to the Mississippi Court of Appeals. The Court of Appeals affirmed the circuit court's denial of Howard's post-conviction motion. *Howard v. State*, 121 So. 3d 249 (Miss.Ct.App. 2013), *reh'g denied*, June 18, 2013, *cert. denied*, September 12, 2013 (Cause No. 2011-CP-01375-COA) (*see also* Answer, Ex. A). Howard filed the instant petition on or about October 1, 2013, raising the following five issues, as paraphrased by the Court:

> Ground One: Ineffective assistance of counsel for failing to investigate a speedy trial defense and advising Howard to plead guilty.
>
> Ground Two: Ineffective assistance of counsel for failing to adequately argue the motion to suppress.
>
> Ground Three: Ineffective assistance of counsel for failing to adequately advise Howard of the statute of limitations for Count III.
>
> Ground Four: Ineffective assistance of counsel for failing to adequately investigate Jackson.
>
> Ground Five: Denial of due process because of difficulty in obtaining transcripts.

**Legal Standard**

The Court's review of Howard's claim is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because his federal habeas petition was filed after the statute's effective date. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA prevents the grant of federal habeas relief on any claim adjudicated on the merits in state court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable

2

application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the presented evidence. *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

The Court also notes that Howard has alleged an entitlement to an evidentiary hearing in this case. The Court notes that where, as here, a state court has reviewed a petitioner's claims on their merits, an evidentiary hearing may not be held unless the petitioner first meets the standards as set forth in § 2254(d). *See Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398-1401 (2011).

## Discussion

### I. Ineffective Assistance of Counsel: Grounds One, Two, Three and Four

Howard alleges that he was denied the effective assistance of counsel at trial and on appeal. The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. *See, e.g., Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). A federal habeas petitioner's claim that he was denied the effective assistance of counsel at trial is generally measured by the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, Howard must establish that (1) his trial counsel's performance was so deficient that it cannot be said that he was functioning as "counsel" within the meaning of the Sixth Amendment, and (2) the deficient performance prejudiced his defense. *See id.* at 687.

Where an attorney's representation falls below an objective standard of reasonableness as determined by professional norms, that performance is deficient. *See Rompilla v. Beard*, 545 U.S. 374, 380 (2005); *Strickland*, 466 U.S. at 687-89. Courts scrutinizing counsel's performance

3

assume a "strong presumption" that the assistance was adequate and "that the challenged conduct was the product of reasoned trial strategy." *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996) (citation omitted). This presumption may be overcome if a petitioner can identify acts or omissions of counsel that were not the result of a reasoned, professional judgment. *See Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, even unreasonable errors by counsel do not warrant relief if the errors did not affect the judgment. *See Strickland*, 466 U.S. at 691. Rather, actual prejudice results from the errors of counsel when there exists a reasonable probability that, but for the errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.*

The failure to prove either deficient performance by counsel or actual prejudice as a result of counsel's actions or omissions defeats a claim of ineffective assistance. *See Strickland*, 466 U.S. at 697; *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998); *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990). In a case where the state court has rejected the merits of a petitioner's ineffectiveness claim, such as here, the "pivotal question" in a federal habeas proceeding "is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770 (2011) (citations omitted).

### A. Ground One: Speedy Trial Defense and Advice to Plead

Howard argues that his counsel performed ineffectively by failing to investigate and uncover proof that Mississippi officials issued an arrest warrant and lodged a detainer against Howard while he was in federal custody. Howard alleges that the unexecuted arrest warrant and detainer constitute proof that the State deliberately delayed in bringing him to trial, and that counsel performed ineffectively in failing to produce proof of these documents to support

4

Howard's motion to dismiss the indictment on speedy trial grounds. Howard maintains that he would not have pleaded guilty but for counsel's failure to properly investigate and present Howard's speedy trial claim.

Howard committed the crimes leading to the Mississippi indictment on or about November 14, 2005. (SCR vol. 3, 328). On December 9, 2005, Howard was arrested and placed in custody on federal charges, where he remained until he pleaded guilty to state aggravated robbery charges in Tennessee on November 13, 2006. (*See, e.g.*, SCR vol. 3, 332-33, 448-50; SCR vol. 4, 451-53).[2] Howard was serving his Tennessee sentence when he was indicted on the instant charges on May 13, 2008, in DeSoto County, Mississippi. (*See* SCR vol. 1, 134-36). Howard waived extradition to Mississippi in August 2009. (*See* SCR vol. 3, 307). Howard was appointed counsel to represent him on the Mississippi charges in August 2009, and he waived his arraignment on the charges in September 2009. (ECF no. 3, 50).

In October 2009, Howard filed a pro se motion to dismiss his indictment based on the denial of his right to a speedy trial, and counsel filed an amended motion to dismiss the indictment for failure to provide Howard with a speedy trial on January 6, 2010. (ECF no. 3, 50-51).[3] Between these two dates, the prosecution filed a motion to amend the indictment to charge Howard as an habitual offender. (*See id.* at 50). On January 15, 2010, an order was entered amending the indictment to charge Howard as an habitual offender under Miss. Code Ann. § 99-

---

[2] The federal charges were dismissed on December 20, 2006, after Howard was convicted in a Tennessee court of the same charges as were contained in his federal indictment. (SCR vol. 2, 298-300; SCR vol. 3, 332).

[3] Howard also filed a pro se motion for habeas corpus relief related to his speedy trial claim. (*See* SCR vol. 3, 327-28; ECF no. 3, 50).

19-81. (SCR vol. 3, 416-17).

On January 15, 2010, a hearing was held on Howard's motion to dismiss. (SCR vol. 3, 324). The parties agreed that the crime was committed on November 14, 2005, and that Howard was indicted on May 13, 2008. (*Id.* at 328). Defense counsel acknowledged that an arrest warrant was issued on December 9, 2005, and that Howard was arrested in Shelby County, Tennessee, on that date. (*Id.* at 329). He maintained, however, that it was not clear whether Howard was arrested on Mississippi charges at that time. (*Id.* at 329). Defense counsel noted, however, that the span between the crime and Howard's trial date of January 19, 2010, was 1,527 days. (*Id.* at 329).

Howard testified at the hearing on the motion to dismiss that he had been incarcerated since his arrest on December 9, 2005, and that he was officially sentenced on Tennessee charges on November 13, 2006. (*Id.* at 332-36). The trial judge asked whether defense counsel had any proof that Howard was arrested in connection with the instant charges prior to 2009, and defense counsel stated he had no such proof. (*Id.* at 343). Defense counsel argued, however, that Mississippi law enforcement issued an arrest warrant in December 2005 that they failed to execute, and that law enforcement improperly waited until May 2008 to seek to indict Howard. (*Id.* at 344). He argued that two of Howard's alibi witnesses had died during the delay. (*Id.* at 345). Defense counsel introduced Howard's unexecuted arrest warrant dated December 9, 2005, to show that an outstanding arrest warrant had existed since Howard's arrest. (*Id.* at 346). Defense counsel argued that even if Howard was arrested on Tennessee or federal charges on December 9, 2005, Mississippi officers "gave the signal to arrest him." (*Id.* at 350-51).

The prosecution argued that between December 9, 2005, and the trial date in this case,

6

Howard faced Tennessee charges and federal charges "that were being worked out." (*Id.* at 347). The prosecution noted that Mississippi detectives had been cooperating in the investigation of the federal charges, and that Howard's incarceration was related to the federal, rather than Mississippi, charges. (*Id.* at 347).

The trial court took the matter under advisement. On January 19, 2010, the court denied the motion to dismiss. (SCR vol. 3, 403-06). The trial judge determined that the delay in this case was caused by Howard's incarceration on other charges. (*See id.* at 403-06). The trial judge also noted that Howard's earliest demand for a speedy trial was on October 2, 2009, just a few months prior to the January 19, 2010, trial date. (*See id.* at 405-06).

On January 19, 2010, Howard entered a guilty plea in exchange for the prosecution reducing the charge from armed robbery as an habitual offender to armed robbery. (SCR vol. 3, 418-424). His other charges were remanded to the files.

On post-conviction collateral review, Howard claimed that counsel rendered ineffective assistance in litigating Howard's motion to dismiss based on his speedy trial defense. In rejecting the claim, the circuit court found that Howard's attorney "actively pursue[d] the speedy trial defense[.]" (ECF no. 1, 21). It also determined that Howard's guilty plea was voluntarily given, and it noted that Howard had waived any speedy trial requirement as a result. (*See id.* at 23). The Mississippi Court of Appeals affirmed the decision, also noting that the trial court found that the delay between Howard's arrest and his trial was attributed to the fact that he was in custody in another jurisdiction during the delay. *Howard*, 121 So. 3d at 252.

The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy

7

the right to a speedy and public trial." U.S. Const. amend. VI.[4] Allegations of constitutional speedy trial violations are governed by the test laid out in *Barker v. Wingo*, 407 U.S. 514 (1972), where the Supreme Court announced four factors to be weighed in reaching a speedy trial determination: (1) the length of the delay; (2) the reason for the delay; (3) the accused's assertion of the speedy trial right; and (4) prejudice to the accused. *Id.* at 530.

Many courts, including the Fifth Circuit, have held that a one-year delay between accusation and trial is presumptively prejudicial. *Nelson v. Hargett*, 989 F.2d 847, 851 (5th Cir. 1993); *see also Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992). The relevant period of delay is that following accusation, either arrest or indictment, whichever occurs first. *Robinson v. Whitley*, 2 F.3d 562, 568 (5th Cir. 1992) (quotation marks omitted). It is clear that Howard was arrested on December 9, 2005. However, the basis for arrest is critical to the determination of when a speedy trial right attaches. *Gravitt v United States*, 523 F.2d 1211, 1215 n.6 (5th Cir. 1975) (citing *United States v. Cabral*, 475 F.2d 715 (1st Cir. 1973)). Various documents in the record support a determination that Howard was arrested on December 9, 2005, by the Safe Streets task force in Memphis, Tennessee, in connection with State of Tennessee and federal charges. (*See, e.g.*, SCR vol. 3, 329, 347; SCR vol. 1, 150; SCR vol. 2, 166). In his amended traverse, Howard acknowledges that he was not arrested on Mississippi charges pursuant to the December 9, 2005, warrant. (ECF no. 13, p. 4).

Howard maintains that although he was not arrested on Mississippi charges on December 9, 2005, Mississippi officials knew where he was being held and did not act to bring him to trial.

---

[4] This guarantee is applicable to the states through the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213 (1967).

8

Howard appears to argue that because Mississippi law enforcement officers issued a detainer against him and delayed executing the arrest warrant, his arrest on December 9, 2005, should be the "trigger" for speedy trial purposes. (*See, e.g.*, ECF no. 13, 8).

The Court notes that a screenshot from the Shelby County Jail Management System dated December 10, 2005, contains a note to "remove hold for Horn Lake, MS per Dobbins of fugitive." (SCR vol. 2, 172). It would appear, then, that Mississippi had no hold on Howard as of that date. Howard testified at the hearing on the motion to dismiss that intermittent National Crime Information Center checks prior to October 2008 showed that he had no outstanding warrants. (SCR vol. 3, 330-34). Later records indicate that a Mississippi detainer was lodged at some point. For example, an agreement on detainer form informing Howard of his Mississippi charges was signed by Howard on January 21, 2009, at the Shelby County Correctional Center. (SCR vol. 2, 194-200). The Tennessee Parole Board's denial of parole dated July 10, 2009, cites the Mississippi detainer. (SCR vol. 3, 306). Therefore, a detainer was filed against Howard at some point between 2008 and 2009, but it appears that there was no Mississippi detainer against Howard in 2005.

Even if Mississippi had a hold on Howard in 2005, however, a detainer does not render a person in custody for speedy trial purposes. Rather, it "merely puts the officials of the institution in which the prisoner is incarcerated on notice that the prisoner is wanted in another jurisdiction for trial upon his release from prison." *Dickerson v. Guste*, 932 F.2d 1142, 1144 (5th Cir. 1991); *Cowart v. Hargett*, 16 F.3d 642 (5th Cir. 1994) (holding that a criminal prosecution does not "begin" for speedy trial purposes until a defendant is formally charged or actually restrained in connection with the crime). Accordingly, the arguments presented by Howard do not persuade

9

the court that Howard's counsel rendered ineffective assistance in litigating the speedy trial issues.

Neither does the Court find merit to Howard's argument that counsel rendered ineffective assistance in advising him to plead guilty. If a defendant enters a guilty plea on counsel's advice, whether the plea was voluntary depends on whether the advice rendered was within the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Although the motion to dismiss was rejected, Howard's attorney filed and argued a motion to dismiss the indictment for a violation of Howard's speedy trial rights. By pleading guilty, Howard avoided prosecution on aggravated assault and murder-for-hire charges, and he avoided prosecution as an habitual offender. (*See, e.g.*, SCR vol. 3, 424). Accordingly, Howard cannot demonstrate that he was prejudiced by counsel's recommendation.

The Court finds that the decision rejecting this claim is neither contrary to, nor does it involve an unreasonable application of, *Strickland* or its progeny. The Court also determines that the decision rejecting this claim was not based on an unreasonable determination of facts in light of the evidence presented to the State courts. Federal habeas relief is not warranted.

## B. Ground Two: Motion to Suppress

Howard argues that his trial counsel rendered ineffective assistance in failing to properly challenge Howard's motion to suppress a recording of his conversation with a confidential informant, Charles Mickey. The conversation was apparently related to Howard's alleged attempt to hire someone to murder a witness. Howard maintains that success of the suppression motion would have led to his acquittal at trial, but that counsel advised him to plead guilty without properly investigating the confidential informant's role in the case. Had the evidence

been suppressed, he argues, he would not have pleaded guilty.

Defense counsel filed a motion to suppress statements Howard made to Charles Mickey, a confidential informant. (SCR vol. 3, 412). At a hearing on the motion, defense counsel argued that on November 30, 2005, Howard's attorney, Juliet Akines[5], contacted Detective Calendar of the Horn Lake Police Department and informed him that she represented Howard. (SCR vol. 3, 353). Defense counsel argued that, on December 6, 2005, Detective Calendar wired a confidential informant and recorded the informant's conversation with Howard in an attempt to gain information from Howard, despite knowledge that Howard was represented by counsel. (*Id.* at 353-54). Defense moved to suppress the recording based on the argument that Akines was representing Howard at the time, and that the conversation deprived Howard of his right to counsel. In response, the State argued that formal proceedings had not yet begun against Howard on these charges at the time of the conversation. (*Id.* at 357). The State further argued that Howard voluntarily provided the information to the third party, who was not a police officer. (*Id.*). Following the argument, the trial court took the matter under advisement. (*Id.* at 358).

Sixth Amendment protections are offense specific. *See McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991). At the time Howard spoke to the informant on December 6, 2005, there were no formal proceedings against Howard in Mississippi. Therefore, his Sixth Amendment right to counsel had not yet attached to the Mississippi charges. *Texas v. Cobb*, 532 U.S. 162, 167-68 (2001); *see also Maine v. Moulton*, 474 U.S. 159, 180 n.16 (1985) ("Incriminating statements pertaining to other crimes, as to which the Sixth Amendment has not yet attached, are, of course,

---

[5] The transcript spells Ms. Akines' name "Akins." (*See, e.g.* SCR vol. 3, 353). Ms. Akines was Howard's attorney on the charges he faced in Tennessee. (*See, e.g.*, SCR vol. 4, 465, letter from Akines to Howard).

11

admissible at a trial of those offenses."). Because Howard's Sixth Amendment rights had not attached to the Mississippi charges at the time he spoke to the informant, Howard cannot demonstrate that his motion should have been successful or that counsel was deficient in advising him to plead guilty.[6]

The Mississippi Court of Appeals held that Howard's guilty plea waived his right to challenge his attorney's actions with regard to the motion to suppress. *Howard*, 121 So. 3d at 252. The court also noted that the conversation with the informant apparently related to Howard's attempted murder-for hire charge, for which he was not convicted. *Id.* As a result of Howard's guilty plea, his charge of attempting to hire someone to murder a witness was remanded to the files. Accordingly, Howard cannot demonstrate that he was prejudiced by his counsel's advice to plead guilty to armed robbery rather than to proceed to trial on all three charges.

The Court finds that the decision rejecting this claim is neither contrary to, nor does it involve an unreasonable application of, *Strickland* or its progeny. The Court also determines that the decision rejecting this claim was not based on an unreasonable determination of facts in light of the evidence presented to the State courts. Federal habeas relief is not warranted.

## C. Ground Three: Involuntary Plea

Howard alleges that trial counsel was ineffective for improperly advising him regarding the statute of limitations as to Count Three, in which he was charged for attempting to hire someone to murder a witness. He argues that his indictment was returned more two years after

---

[6] The Court notes that it does not not appear that the trial court ruled on the motion before Howard pleaded guilty. (*See, e.g.* SCR vol. 3, 403) ("[E]verybody has indicated they weren't going to go into the issue of the informant's statements during voir dire. I'll rule on that before we get to it as far as the sixth or, slash, fifth amendment issues[.]").

12

the alleged offense, and that he would have moved for a dismissal of the charge or gone to trial if he had known that the statute of limitations was a viable defense to the charge.

Howard argues that since there is no attempted murder statute in Mississippi, a two-year statute of limitations applies to the offense of attempted murder. *See, e.g.,* Miss. Code Ann. § 99-1-5 ("A person shall not be prosecuted for any other offense not listed in this section unless the prosecution for the offense is commenced within two (2) years next after the commission thereof."). However, Howard was charged with attempted capital murder under Miss. Code Ann. § 97-1-7. Under Mississippi law, there is no statute of limitations for murder. *See* Miss. Code Ann. § 99-1-5 ("[T]he passage of time shall never bar prosecution against any person for the offenses of murder. . . aggravated assault. . . [or] robbery."). A statute of limitations defense would not have been successful.

Moreover, as the appellate court noted, Howard pleaded guilty only to armed robbery, such that there was no merit to a challenge to the murder-for-hire charge. *Howard*, 121 So. 3d at 252. The Court finds that the decision rejecting this claim is netiher contrary to, nor does it involve an unreasonable application of, *Strickland* or its progeny. The Court also determines that the decision rejecting this claim was not based on an unreasonable determination of facts in light of the evidence presented to the State courts. Federal habeas relief is not warranted.

**D. Ground Four: Failure to Locate Jackson**

Howard argues that counsel was ineffective in advising him to plead guilty without investigating the information that Will Jackson, a.k.a. "Baby, Jr.," was arrested in connection with Howard's charges. He maintains that the State improperly withheld information about the arrest, and that counsel's performance invalidates his plea.

When considering this claim on post-conviction review, the appellate court stated that

13

Howard failed to "elaborate how his attorney's alleged lack of investigation would impact his defense against the armed robbery charge to which he pled guilty - especially since that third party was apparently not charged with the same armed robbery." *Howard*, 121 So. 3d at 252. Howard does not illuminate his claim further in the instant proceedings. Howard's "conclusory allegations" of ineffective assistance fail to present a constitutional issue. *See, e.g., Collier v. Collins*, 300 F.3d 577, 587 (5th Cir. 2002) (citations omitted).

The Court finds that the decision rejecting this claim is neither contrary to, nor does it involve an unreasonable application of, *Strickland* or its progeny. The Court also determines that the decision rejecting this claim was not based on an unreasonable determination of facts in light of the evidence presented to the State courts. Federal habeas relief is not warranted.

## II. Transcripts of Proceedings

Howard maintains that he tried to petition and pay for the transcript of his criminal proceedings, but that the State took a year to transcribe the proceedings in violation of his due process and equal protection rights.

The appellate court considered this claim and held:

Finally, Howard failed to explain how he was prejudiced regarding the timeliness of his receipt of a copy of his guilty-plea transcript. Howard concedes that he received a copy of his transcript before he filed his PCR motion. There is no merit to Howard's claim that the circuit court somehow erred by summarily dismissing his PCR motion because he did not get a copy of his transcript soon enough to suit him.

*Howard*, 121 So. 3d 252-53. Howard was able to present his claims in State courts and litigate them fully. The Court determines that Howard has failed to allege the deprivation of a constitutional right. Accordingly, the Court finds that the decision rejecting this claim is neither contrary to, nor does it involve an unreasonable application of, clearly established federal law. The Court also determines that the decision rejecting this claim was not based on an

14

unreasonable determination of facts in light of the evidence presented to the State courts. Federal habeas relief is not warranted.

## Certificate of Appealability

Howard must obtain a certificate of appealability ("COA") before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless Howard makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which Howard may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, Howard must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied as to all claims raised in the petition.

## Conclusion

It is hereby ordered that Howard's petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. A final judgment in accordance with this opinion and order will issue this day.

**SO ORDERED, THIS** the 26th day of February, 2014.

SENIOR U.S. DISTRICT JUDGE

15